■ In the Matter of SOCIAL SPIRITS, INC., Respondent, v TOWN OF COLONIE et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered December 18, 1978 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, directed the respondents to issue a permanent certificate of occupancy to petitioner for use of its premises by 145 patrons. In June of 1978, petitioner commenced operation of a tavern-restaurant known as the Little Horn II in the Town of Colonie. Petitioner had purchased the premises, which had been operating as a tavern for over 50 years, as a pre-existing nonconforming use and in late 1977 applied for building permits in order to remodel the premises. Since the town's zoning ordinance required planning board approval for certain types of construction, petitioner's application was forwarded by the building department to the planning board, which determined that it had jurisdiction and tried to condition petitioner's remodeling upon a reduction of the premises' maximum occupancy from 145 to 80 persons. Following completion of the remodeling, petitioner received a temporary certificate of occupancy, but was informed that a permanent certificate would not be issued until the capacity of the premises was limited to 80 persons. This article 78 proceeding in the nature of mandamus was then commenced, and the respondents appeal from Special Term's judgment in favor of petitioner. We agree with Special Term's conclusion that the remodeling done by petitioner was beyond the scope of the planning board's jurisdiction. The applicable provisions of the town's zoning ordinance relied upon by respondents require planning board approval whenever a nonconforming use is "reconstructed

or structurally altered" (Local Laws, 1966, No. 5 of Town of Colonie, § 10, subd A, par 4), an "addition, deletion, and structural or site change" is made to an existing commercial area (Local Laws, 1977, No. 1 of Town of Colonie, § 2, subd 1, par [d]), or there is a change in a facility's use (Local Laws, 1977, No. 1 of Town of Colonie, § 2, subd 1, par [e]). The alterations made by petitioner, which included remodeling the building's exterior, replacing old electrical wiring and plumbing lines, and placing additional insulation inside the walls, did not fall within the express language of the zoning ordinance and thus the petitioner's building permits did not require planning board approval. Since the building department's refusal to issue a permanent certificate of occupancy was based on advice it received from the planning board, which had no jurisdiction over the matter, there is no legal basis for refusing to issue the permanent certificate. Unlike the situation in *Edmonds v Los Angeles County* (40 Cal 2d 642), a case relied upon by respondents, petitioner here never promised to reduce the maximum occupancy below the 145 persons previously allowed and is therefore not estopped from contesting in this proceeding the applicability of the zoning ordinance to its premises. Respondents further argue that article 78 relief should not be awarded petitioner due to its failure to exhaust all of its administrative remedies. Respondents contend that if petitioner was dissatisfied with the building department's failure to issue a permanent certificate of occupancy, subdivision 2 of section 267 of the Town Law afforded it the right to appeal that determination to the town zoning board of appeals. We do not believe, however, that this section is applicable to those situations outside the scope of the local zoning ordinance. The zoning board of appeals was created to review administrative determinations involving a town's zoning ordinance. Thus, in those situations where an application to the building department was properly transferred to the planning board because the terms of the zoning ordinance invoked that body's jurisdiction, review of the planning board's recommendation could be obtained by appealing the building department's ultimate decision to the zoning board of appeals *(Matter of Mobil Oil Corp. v Milton,* 72 Misc 2d 505). However, where, as here, petitioner seeks to challenge not the *wisdom* of the planning board's recommendation but its *power* to make any recommendations at all, judicial review may be sought without first appealing to the zoning board of appeals (see *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57).* Respondent's final contention is that this proceeding was not timely commenced. This argument is without merit. Petitioner did not become aggrieved until it asked for a permanent certificate of occupancy and was told on August 16, 1978 that no certificate would be issued until there was compliance with the restrictions imposed by the planning board. Thus, the commencement of this proceeding on August 31, 1978 was timely. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.

---

* A review of the Town of Colonie Building Law does not disclose any administrative procedure for review of actions taken by the building department or its superintendent. Thus, if we treat this matter as one in which a property owner simply wishes to challenge the refusal to issue a certificate of occupancy, no administrative remedy is provided and article 78 review is therefore proper.