■ JAMES TREADWAY, Respondent, v TOWN BOARD OF THE TOWN OF TICONDEROGA et al., Appellants, et al., Defendants.— Mikoll, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered June 12, 1989 in Essex County, which, *inter alia,* denied the motion of defendants Town Board of Town of Ticonderoga and the town's Superintendent of Highways to dismiss the complaint as time barred.

Plaintiff seeks judgment declaring Bear Pond Road in the Town of Ticonderoga, Essex County, to be a public road and directing defendants Town Board of the Town of Ticonderoga and the town's Highway Superintendent to open the road for general use and to operate, maintain and repair it as part of the town's highway system. The remaining defendants in this

suit are members of a club which has leased property adjoining the road for hunting purposes and which has placed a gate across the road barring free use thereof. The Town Board and the Highway Superintendent (hereinafter collectively referred to as defendants) moved to, *inter alia,* dismiss the complaint on the ground that it was barred by the Statute of Limitations in that plaintiff's lawsuit was commenced more than four months after defendants' denial of plaintiff's request to open Bear Pond Road. Defendants contend that this case is actually a CPLR article 78 proceeding in the nature of mandamus styled as a declaratory judgment action and therefore is subject to a four-month Statute of Limitations which should be calculated from October 22, 1987, the date on which the town's counsel advised the Town Board and plaintiff that Bear Pond Road was not a town road. Plaintiff's service of a summons and complaint on March 15, 1987 was, it is urged, beyond the statutory four-month limit. Supreme Court denied the motion to dismiss the complaint and this appeal by defendants ensued.

An affirmance is indicated. Assuming, arguendo, that the four-month limitation period applies to this case, we cannot concur with defendants' contention that the Statute of Limitations began to run on October 22, 1987, the date on which the town's counsel rendered his opinion to the Town Board. The right to commence a suit would run from the time that the Town Board made a final binding determination denying plaintiff's request to open Bear Pond Road *(see, Matter of Connell v Town Bd.,* 113 AD2d 359, *affd* 67 NY2d 896). However, the letter of the town's counsel to the Town Board, a copy of which was sent to plaintiff, does not constitute a binding determination of the Town Board. The town's counsel is not an elected town official. Thus, his letter to the Town Board and to plaintiff did not constitute an official action of the Town Board.

Plaintiff was advised at the Town Board meeting of November 12, 1987 that the opinion of counsel was accepted by the Town Board as its decision. Although there has never been an official resolution of the Town Board declaring that Bear Pond Road was not a public road, the November 12, 1987 meeting appears to have finally determined the issue. Plaintiff was by then aware that his request was rejected. Any ambiguity as to when the statutory period began to run is to be resolved against the Town Board in determining the question of whether the matter was timely commenced *(see, Matter of Fischer v Roche,* 81 AD2d 541, *affd* 54 NY2d 962). Taking

November 12, 1987 as the operative date, the four-month Statute of Limitations expired on March 13, 1988. Plaintiff mailed a summons and complaint to the County Sheriff on March 8, 1988 pursuant to CPLR 203 (b) (5), which extended service by 60 days. The summons and complaint were received on March 11, 1988 and actual service was made by the Sheriff on March 15, 1988. Service was thus timely.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.