▮ In the Matter of TIMOTHY W. WROBEL et al., Respondents, v TOWN BOARD OF THE TOWN OF HOLLAND et al., Appellants. [620 NYS2d 690] —Judgment unanimously affirmed with costs. Memorandum: Respondents, Bruce G. Rammacher and the Town Board of the Town of Holland, appeal from a judgment granting the petition and annulling the issuance of a junkyard license to Rammacher. They contend that Supreme Court erred in concluding as a matter of law that the junkyard did not qualify as a nonconforming use and assert that a hearing should have been conducted to resolve the factual issues whether the junkyard use had been discontinued.

It is uncontroverted that Rammacher's father died in January 1990, that it was not until June 1992 that Rammacher filed a business certificate in the name of Holland Salvage indicating that he is the successor to his father, and that he applied for the junkyard license in order to reopen the business that had been conducted before his father's death. Thus, the court properly determined that the junkyard business was discontinued for a period of more than one year within the

meaning of section 75-11 of the Town Code and that, in applying for the junkyard license, Rammacher was obligated to comply with the requirements of chapter 75 of that Code.

Respondents do not challenge the court's determination that the application and approval by the Town Board violated the Town Code in several respects. Specifically, the proposed junkyard would occupy less than the 10-acre minimum area required by the Code and would not satisfy the Code's minimum set back requirements. Further, Rammacher failed to submit with his application the consent of all residents within 1,000 feet of the property. The Town Board did not consider whether practical difficulties or unnecessary hardships justified a variance from strict enforcement of the licensing provisions of the Code. Thus, the court properly annulled the determination upon the ground that approval of the application and issuance of the license violated the Code in several respects and was arbitrary and capricious. (Appeals from Judgment of Supreme Court, Erie County, Doyle, J.—Article 78.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.