■ In the Matter of MILLARD VAN AKEN et al., Appellants, v TOWN OF ROXBURY et al., Respondents. [621 NYS2d 204] —Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Mugglin, J.), entered September 21, 1993 in Delaware County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely or premature, and (2) from an order of said court, entered December 14, 1993 in Delaware County, which denied petitioners' motion for reconsideration.

Petitioners are property owners with residences located in the Town of Roxbury, Delaware County, which extends beyond the roadway presently maintained by respondents as a Town road. On October 20, 1992, petitioners wrote to respondent Town of Roxbury requesting maintenance of the road segment at issue. On November 10, 1992, the Town Attorney responded by requesting evidence that the segment was a Town road. The attorney for petitioners wrote back indicating the reasons the particular segment was a Town highway. When no response was received, petitioner Millard Van Aken asked the Town Supervisor about the status of the request and was told that the Town Attorney was supposed to respond but had been delayed by other matters.

On March 4, 1993, the Town Attorney informed petitioners that if the segment was a Town road it had been abandoned. On July 1, 1993, petitioners commenced this CPLR article 78 proceeding seeking to compel the Town and respondent Town Superintendent of Highways to maintain the road segment pursuant to Highway Law § 140. In their answer, respondents asserted that the proceeding was barred by the four-month Statute of Limitations *(see,* CPLR 217 [1]). Supreme Court held that the Town was required to make a final binding determination on petitioners' request before CPLR article 78 review was possible and the Town Attorney's letter of March 4, 1993 did not constitute a binding determination. Unable to deter-

mine if or when the Town had taken official action on petitioners' request, Supreme Court dismissed the petition as either untimely or premature. By letter to the Town Board dated September 30, 1993, petitioners sought a formal vote on their request for maintenance. On October 11, 1993, the Town Board denied their request. Thereafter, petitioners moved for reconsideration, which Supreme Court denied.

Initially, we note that Supreme Court relied upon our decision in *Treadway v Town Bd.* (163 AD2d 637) in determining the Statute of Limitations issue. We treated the declaratory judgment action in *Treadway* as a mandamus to review for limitation purposes. However, the present proceeding is in the nature of mandamus to compel rather than mandamus to review. In mandamus to review, the court examines an administrative action involving the exercise of discretion for which no quasi-judicial hearing is required. On the other hand, in mandamus to compel an agency or officer's performance of a ministerial act, the court examines whether the petitioner possesses a clear legal right to the relief sought and whether the agency or officer has a corresponding nondiscretionary duty to grant the relief requested *(see,* CPLR 7803 [1]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757; *see also, Matter of Armstrong v Centerville Fire Co.,* 83 NY2d 937, 939; *Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

In *Treadway (supra),* review was sought of an administrative action in the form of a declaration by the Town Board that the disputed road was not a public road. We held that the four-month Statute of Limitations began to run from that final binding determination. In this case, there is no question but that petitioners made a demand for maintenance to the Town on October 20, 1992. The March 4, 1993 letter from the Town Attorney* conveyed the Town's refusal to perform its ministerial duty to maintain the road *(see,* Highway Law § 140). Accordingly, the four-month Statute of Limitations began to run at that time *(see,* CPLR 217 [1]; *Matter of Waterside Assocs. v New York State Dept. of Envtl. Conservation,* 72 NY2d 1009, 1010; *Matter of De Milio v Borghard,* 55 NY2d 216, 220; *Matter of Pfingst v Levitt,* 44 AD2d 157, 159, *lv denied* 34 NY2d 518; *see also,* Siegel, NY Prac § 566, at 887 [2d ed]). Therefore, the petition filed on July 1, 1993 was

---

* In *Treadway (supra),* the Town Attorney's letter was intended as advice to the Town Board and only became the refusal when the Town Board adopted it.

within the applicable period of limitations and the proceeding was timely commenced.

Having established that petitioners' proceeding was timely commenced, we turn now to the merits of their petition. While it is clear that the Town has a legal duty to maintain Town roads (see, Highway Law § 140) and can be compelled to perform such a duty (see, People ex rel. Schau v McWilliams, 185 NY 92, 100), the parties disagree on the fundamental question of whether the road segment at issue was abandoned by the Town and therefore no longer a Town highway. It is undisputed that no certificate of abandonment was ever filed by the Town, as provided for in Highway Law § 205. "Once a road becomes a highway, it remains such until the contrary is shown" (Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk, 101 AD2d 905, 907; see, Matter of Flacke v Strack, 98 AD2d 881). A highway will be deemed abandoned if it is not traveled or used as a highway for six years (see, Highway Law § 205). The burden of proving such abandonment rests, in this case, with the Town (see, Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk, supra, at 907).

Respondents have failed to meet their burden of proving that the road segment at issue was not traveled or used as a highway for six years. Although respondents argue that abandonment is shown because of a period of nonmaintenance in excess of 30 years, the law is clear that a highway does not cease to be a highway merely because the Town has failed to service it (see, Hewitt v Town of Scipio, 32 AD2d 734, affd 26 NY2d 934). Nor is it relevant whether the Town intended an abandonment, as it is the substantive facts themselves which establish abandonment (see, Daetsch v Taber, 149 AD2d 864, 865). Petitioners have introduced uncontroverted cartographic and testimonial evidence to support their contention that the road has been and continues to be regularly used and traveled as a highway. We, therefore, find that no genuine issue of abandonment exists and that the contested road segment continues to be a Town road.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are reversed, on the law, with costs, and petition granted.