OPINION OF THE COURT
George M. Bergerman, J.
This is a CPLR article 78 proceeding by the petitioner which seeks an order of mandamus (1) directing respondents to post *746 three ton-load-limit signs on the street known as Pine Brook Road in the Village of Chestnut Ridge on the bridge located there and on all approaches thereto as required by Highway Law § 234 (3) (a), and (2) directing respondents to repair or replace such bridge to make the bridge safe for public use.
The parties agree that the structure which is the subject of this action is in a deteriorated condition and threatens the health, safety and welfare of the public. The subject structure is located in the Village of Chestnut Ridge which is within the Town of Ramapo. Pine Brook Road, the approach road to the structure, is a Village of Chestnut Ridge Road.
It is the Village’s contention that only the Town has the legal authority to repair, reconstruct, post or make the structure, which they contend is a "bridge”, safe.
The Village contends that the provisions of Village Law §§ 6-604 and 6-606 and Highway Law § 234 place the responsibility for inspection, posting and repair of the structure on the Town of Ramapo. Conversely, Ramapo contends that the structure is a "culvert” pursuant to section 230 (2) of the Highway Law and the Town is therefore not responsible for its repair. The Town contends that Highway Law § 234 places responsibility for the repair of bridges on the Town, but is silent with respect to culverts.
The structure which is the subject of this action carries Pine Brook Road across a small brook (the east bank of the Saddle River) which flows south. An inspection report by the Rock-land County Superintendent of Highways describes the structure as a "culvert” consisting of "a jack arch structure (concrete arches supported on structural steel stringers) supported on rubble masonry abutments. The masonry abutments are covered by a thin concrete veneer. The jack arch structure is sandwiched between 5 feet to 10 feet long cast-in-place concrete sections. The jack arch section comprises most of the culvert and was probably constructed in the 1930s. The concrete end sections are of more recent construction and were probably added to widen the road.”
Village Law § 6-604 provides as follows: "If the board of trustees of a village has the supervision and control of a bridge therein, it shall continue to exercise such control under this chapter. In any other case, every public bridge within a village shall be under the control of the superintendents of highways of the town in which the bridge is wholly or partly situated, or such other officer as may be designated by special law, and the expense of constructing and repairing such bridge and the ap *747 proaches thereto is a town charge, unless the village assumes the whole or part of such expense.”
There is no allegation by the Town that the Village has assumed "supervision and control” of the situation which is the subject of this dispute. Accordingly, pursuant to Village Law § 6-604, if the structure is a bridge it is under the control of the Town Superintendent of Highways and the expense of constructing and repairing the bridge is a Town expense.
(It should be noted that a village may assume control, care and maintenance of a bridge within its boundaries upon the adoption of a resolution of the board of trustees which action shall then be subject to a permissive referendum. [Village Law § 6-606.] The Village of Chestnut Ridge has not adopted such a resolution with respect to the structure which is the subject of this proceeding.)
In Brennan Constr. Co. v State of New York (117 Misc 816, 823) a bridge was defined as spanning " 'a body of water, or a valley, road, or the like, and affords passage or conveyance’ ” whereas a culvert was " 'carried under a road, railroad, canal, etc., for the passage of water’ ”. The structure involved in the Brennan case "had the structural essentials of a culvert. It did not span the stream; it was carried under the road, the fill over it being eighty feet long and twenty feet deep” (supra, at 823). This court finds that the structure on Pine Brook Road is a "bridge” under New York law.
Highway Law § 140 specifically provides that:
"[t]he town superintendent shall * * *
"1. Have the care and superintendence of the town highways and bridges * * * except as otherwise specially provided in relation to incorporated villages, cities and other localities * * *
"5. Construct and keep in repair sluices and culverts”. Accordingly, even if the structure herein were determined to be a "culvert”, the Town would still be responsible for its construction and repairs.
Highway Law, article IX, § 230 et seq. sets up a program of comprehensive bridge management and inspection. It does not supersede or repeal the provisions of the Village Law or the Highway Law which have previously been referred to. Furthermore, there is no legal basis for reading the definitions of "bridge” and "culvert” which are contained in section 230 (1) and (2) into these statutes. These definitions are operative solely within the context of article IX.
Such a conclusion is supported by the 1988 legislative findings attendant to the enactment of article IX of the Highway *748 Law, providing: "Although bridges owned, operated or maintained by public authorities and localities will continue to be the responsibility of those public entities, the department of transportation, through the oversight function granted the commissioner of transportation by this legislation regarding inspections and closings, will endeavor to ensure the highest level of public safety.” (L 1988, ch 781, § 1 [eff June 1, 1989].)
The respondent is therefore under a legal duty to repair/ replace the bridge which is the subject of this action.
That portion of the proceeding which seeks the posting of signs on the bridge and its approaches has been resolved by stipulation of the parties.