■ In the Matter of VILLAGE OF CHESTNUT RIDGE, Respondent, v THOMAS J. HOWARD, as Superintendent of Highways of the Town of Ramapo, et al., Appellants. [670 NYS2d 195] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to repair or replace a bridge in the Village of Chestnut Ridge, Thomas J. Howard as Superintendent of Highways of the Town of Ramapo and the Town of Ramapo appeal from (1) a decision and order of the Supreme Court, Rockland County (Bergerman, J.), dated May 9, 1997, and (2) a judgment of the same court, dated June 25, 1997, which granted the petition and, inter alia, directed the appellants to repair or replace the subject bridge.

Ordered that the appeal from the decision and order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal taken as of right from the intermediate decision and order must be dismissed because an order made in a CPLR article 78 proceeding is not appealable as of right (see, CPLR 5701 [b] [1]), and, in any event, the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the decision and order are brought up for review

and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

At issue here is which governmental entity is responsible for repairing a road structure which is badly in need of repair. The subject structure is located on Pine Brook Road, a road within the jurisdiction of the petitioner Village of Chestnut Ridge, which is located within the boundaries of the appellant Town of Ramapo, in Rockland County. The Village contends that the structure is a "bridge", rendering the Town responsible for its repair. Conversely, the Town claims that the structure is a "culvert", and that, therefore, it is not responsible for its repair.

Article IX of the Highway Law defines a "bridge", in relevant part, as "a structure including supports erected over a depression or an obstruction such as water, highway, or railway, having a track or passageway for carrying traffic * * * and *having an opening measured along the center of the track or roadway of more than twenty feet between under croppings of abutments or spring lines or arches*" (Highway Law § 230 [1] [emphasis added]). The same article defines a "culvert", in relevant part, as "[any] structure whether of singular or multiple span construction within *an interior width of twenty feet or less* when measurement is made horizontally along the center line of a roadway from face to face of abutments or sidewalls immediately below the copings or fillets" (Highway Law § 230 [2] [emphasis added]).

In the instant case, it is undisputed that the subject structure has a span of 10 feet between its concrete abutments. Thus, it is a "culvert", as defined by Highway Law § 230 (2) (*see,* 1980 Opns Atty Gen 102, 105 [A bridge with a span of less than 20 feet is thus "technically a 'culvert' and part of the highway under the statutory definitions"]). Further, because "a culvert is considered part of the street" (1964 Opns St Comp No. 64-718, at 315), responsibility for the repair and maintenance of the culvert in the instant case rests with the Village (*see,* Village Law § 6-602). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur. [*See,* 172 Misc 2d 745].