*720 OPINION OF THE COURT
Ciparick, J.
The question presented on this appeal is which of two municipalities, the Town of Ramapo or the Village of Chestnut Ridge, is responsible for the maintenance and repair of a severely deteriorated road structure. The answer to this question hinges upon whether the structure is a “bridge” or a “culvert.”
I
The structure at issue is located in the Village of Chestnut Ridge, which itself lies within the bounds of the Town of Ramapo, in Rockland County. It carries Pine Brook Road over a small brook known as the East Branch of the Saddle River. The structure, which appears to date from the 1930’s, consists of concrete arches on structural steel stringers, supported on rubble masonry abutments. There is a span of 10 feet between abutments. All parties agree that it is in an advanced state of deterioration.
Petitioner Village brought this CPLR article 78 proceeding seeking to compel respondents, the Town of Ramapo and its Superintendent of Highways, to repair or replace the structure to make it safe for public use. Relying on Highway Law § 234 and Village Law § 6-604, the Village maintains that the structure is a “bridge” within the meaning of these statutes, and that, as such, repair and maintenance is committed to the Town.
The Town recognizes its general duty under Highway Law § 234 to maintain the bridges within its borders. Relying on the size-oriented statutory definitions set forth at Highway Law § 230, however, the Town contends that the structure is not a “bridge” but a “culvert.” Since Highway Law § 234 makes *721 no mention of “culverts,” the Town further reasons that repair and maintenance responsibility lies with the Village, and that a town’s responsibility, in terms of structures within an incorporated village, would only extend to “bridges” as defined in Highway Law § 230 (1). Highway Law § 230 provides, in pertinent part:
“As used in this article the following terms shall have the following meanings:
“1. ‘Bridge’ means a structure including supports erected over a depression or an obstruction such as water, highway, or railway, having a track or passageway for carrying traffic or other moving loads and having an opening measured along the center of the track or roadway of more than twenty feet * * *
“2. ‘Culvert’ means a structure whether of single or multiple span construction within an interior width of twenty feet or less” (Highway Law § 230 [1], [2] [emphasis added]).
Finding the structure to be a “bridge,” Supreme Court held the Town was under a legal duty to repair or replace it. In determining whether the structure was a “bridge” or a “culvert,” the court declined to resort to the statutory definitions contained in Highway Law § 230, reasoning that those definitions were intended to apply only within the context of the inspection provisions of article IX of the Highway Law (172 Misc 2d 745). Relying on the decision of the Court of Claims in Brennan Constr. Co. v State of New York (117 Misc 816), Supreme Court instead adopted a functional approach, citing dictionary definitions of “bridge” and “culvert,” and concluding that the structure is a “bridge.”
On appeal, the Appellate Division reversed (248 AD2d 392). Noting that the structure has a span between abutments of only 10 feet, it applied the statutory definitions set forth in Highway Law § 230, and concluded that it was a “culvert.” Since a culvert is considered part of the street, the Appellate Division held that responsibility for its repair and maintenance rested with the Village. We granted the Village leave to appeal, and now reverse.
II
Highway Law § 230 creates a distinction between “bridge” and “culvert” based on length of span. A structure is a bridge if *722 its span is more than 20 feet in length, and a culvert if its interior width is 20 feet or less. If these definitions were applicable to the instant dispute, the structure in question, which is less than 20 feet in span, would be classified as a culvert.
The Village argues, however, that these statutory definitions were not intended to be applied outside of article IX of the Highway Law, nor to affect how responsibility for care and repair of bridges and culverts is allocated, elsewhere in the Highway Law and other chapters, between towns and villages. We find these arguments to be persuasive.
Article IX of the Highway Law, § 230 et seq., addresses the regulation of bridges. Most of its provisions may be traced to the Highway Laws of 1890 and 1909, although it has been substantially amended since then, most notably in 1936 and 1988. Article IX was substantially amended in 1988 (see, L 1988, ch 781), to provide for the establishment of a comprehensive bridge management and inspection program (see, Highway Law § 231). The program thus established was designed to “facilitate the systematic organization and coordination of bridge inspection, maintenance, and repair information and practices and ensure and provide for sound comprehensive bridge management, thorough bridge inspections and proper, cost-effective preventive maintenance for all bridges” (Highway Law § 231 [1]).
Notwithstanding the bridge inspection program’s broad sweep, the Legislature does not appear to have intended to effect any changes in the determination of which public entities bear responsibility for the actual repair and maintenance of bridges (see, L 1988, ch 781, § 1 [providing that “bridges owned, operated or maintained by public authorities and localities will continue to be the responsibility of those public entities”]). The definitions set forth in Highway Law § 230 by their own terms thus appear not to have been intended to be applied outside of article IX (see, Highway Law § 230 [providing that “(a)s used in this article the following terms shall have the following meanings”] [emphasis added]), and so are not controlling here.
As a general principle of statutory construction, all sections of a law should be read together to determine its fair meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 130). Thus, in general, there may be circumstances where it is deemed desirable, but not obligatory, to rely on definitions from one section of a chapter in ascertaining the meaning of terms in another section (see, id.).
*723 In this case, however, although there are no precise statutory definitions of “bridge” and “culvert” outside of article IX, we decline to apply the definitions contained in Highway Law § 230 for purposes of determining whether the Town or the Village should pay for the repair or replacement of the structure on Pine Brook Road. Although this would yield an easy, bright-line means of determining responsibility here, it might in the broader view have the unintended effect of shifting the preexisting allocation, as between towns and villages, of responsibility for the care and upkeep of bridges and culverts. In the absence of a signal from the Legislature that it wishes to change the rules for determining which municipalities are responsible for the care and upkeep of bridges and culverts, we decline to employ such a construction (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 153).
Instead, in the absence of any controlling statutory definition, we choose to construe the terms “bridge” and “culvert” in accordance with their plain, ordinary, functional meanings (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 232). In that connection, dictionary definitions have traditionally been regarded as useful guideposts in ascertaining the meaning of a word or phrase (see, Quotron Sys. v Gallman, 39 NY2d 428, 431; Brennan Constr. Co. v State of New York, supra, 117 Misc, at 823).*
In its ordinary, everyday sense, the word “bridge” may be defined as “[a] structure forming or carrying a road over a river, ravine, etc., or affording passage between two points at a height above the ground” (2 Oxford English Dictionary 542 [2d ed 1989]). By contrast, a “culvert” is “[a] channel, conduit, or tunneled drain of masonry or brick-work conveying a stream of water across beneath a canal, railway embankment, or road; also applied to an arched or barrel-shaped drain or sewer” (4 Oxford English Dictionary, op. cit., 123). There is naturally some overlap between the functions of bridges and culverts. As a rule, however, an indeterminate structure may be classified as a “bridge” or a “culvert” according to its function. As noted by the Oxford English Dictionary,
“In connexion with railways and highways, it is sometimes disputed whether a particular structure *724 is a ‘culvert’ or a ‘bridge.’ The essential purpose of a bridge, however, is to carry a road at a desired height over a river and its channel, a chasm, or the like; that of a culvert to afford a passage for a small crossing stream under the embankment of a railway or highway, or beneath a road where the configuration of the surface does not require a bridge” (4 Oxford English Dictionary, op. cit., 123 [emphasis in original]).
Status as “bridge” or “culvert” determines which public entity bears responsibility for upkeep of a structure. The streets and highways within a village constitute a separate highway district for which the village is responsible (see, Village Law §§ 6-600, 6-602). All bridges within a village, however, are expressly made the responsibility of the town, unless the village has voluntarily assumed responsibility therefor (see, Village Law § 6-604). Here, there is no allegation that the Village has ever assumed responsibility for the care of the structure. Consequently, if the structure is a “bridge,” then the Town must bear responsibility for its repair or replacement.
“Culverts,” or at least those culverts with “a width of opening of 20 feet or less,” are deemed to constitute integral parts of the “highway” (see, Highway Law § 2 [4]), and since a village’s streets and public grounds constitute a discrete highway district, under the village’s exclusive control and supervision, a culvert of 20 feet or less in width of opening, located in a village, would be considered a part of the village’s streets, and under the village’s exclusive control and supervision.
Ill
It is uncontested that the structure was built for the purpose of spanning the East Branch of the Saddle River and carrying Pine Brook Road over that brook at a height above the water. It was treated as a bridge and designated by the County as Bridge Number 118, at least as early as 1989. Moreover, there is no evidence in the record of any of the hallmarks of a culvert, namely, pipe- or box-like construction, or earth fill between the top of the structure and the road surface. On this record and applying a functional analysis we conclude, as a matter of law, that the span is a “bridge.”
As a bridge, the law commits responsibility for care, upkeep, and repair of the disputed structure to the Town (see, Highway Law § 140 [1], [2]; Village Law § 6-604).
*725 Accordingly, the order of the Appellate Division should be reversed, with' costs, and the judgment of Supreme Court reinstated.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
Order reversed, etc.

 In determining whether a particular structure is a “bridge” or a “culvert,” other jurisdictions have also resorted to the use of dictionary definitions (see, Board of Commrs. v Bailey, 122 Ind 46, 23 NE 672, 672-673; Muench v Medford Lakes Co., 101 NJ Super 263, 268-269, 244 A2d 141, 143-144).