■ In the Matter of MARY S. ZUPA et al., Appellants, v BOARD OF TRUSTEES OF TOWN OF SOUTHOLD et al., Respondents. [864 NYS2d 142]—

In a proceeding pursuant to CPLR article 78 to review, inter alia, a determination of the Board of Trustees of Town of Southold dated September 21, 2005, granting the application of Paradise Point Association, Inc., for a wetlands permit to replace certain dock facilities, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Burke, J.), entered February 28, 2007, as denied that branch of the petition which was to annul the determination dated September 21, 2005, and dismissed that part of the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

Contrary to the petitioners' contention, the substantial evidence standard of review does not apply to the administrative determination at issue, since it was made after informational public hearings, as opposed to a quasi-judicial evidentiary hearing (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]; Matter of Halperin v City of New Rochelle, 24 AD3d 768 [2005]). Thus, the question before us is whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational (see CPLR 7803 [3]; Matter of Halperin v City of New Rochelle, 24 AD3d 768 [2005]).

Contrary to the petitioners' contention, the determination of the Board of Trustees of Town of Southold (hereafter the Trustees) granting the application of Paradise Point Association, Inc. (hereafter the Association), for a wetlands permit to replace certain docking facilities at a certain marina, was neither arbitrary nor capricious, but instead, was a rational decision, because the approved replacement docking facility is smaller than the current one, consolidates two docks into one with a reduction in boat slips, locates the dock further away from the petitioners' property, and requires a configuration that improves the current navigability of the subject waterway. Accordingly, the Supreme Court properly denied that branch of the petition which was to annul the determination in question, and properly dismissed that part of the proceeding.

The petitioners' remaining contentions are either raised for the first time on appeal, and thus not properly before this Court, or without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.