■ In the Matter of LEVENT S. YILMAZ, Appellant, v BRIAN X. FOLEY et al., Respondents. [881 NYS2d 154]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven dated April 17, 2007, which, after a hearing, denied the petitioner's application for extraordinary hardship relief pursuant to the Town of Brookhaven Code § 85-31.11, upon finding that the petitioner's proposed uses of the subject premises were not permitted under the Zoning Code of the Town of Brookhaven, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated March 14, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention on appeal, the substantial evidence standard of review does not apply to the administrative decision at issue, since it was made after informational public hearings, as opposed to a quasi-judicial evidentiary hearing (*see Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d 957 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). Accordingly, judicial review of the issue before this Court is limited to whether the Town Board's determination was illegal, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d at 957).

Contrary to the petitioner's contention, the determination of the Town Board of the Town of Brookhaven (hereinafter the Town Board) denying the petitioner's application for extraordinary hardship relief pursuant to Town of Brookhaven Code § 85-31.11 for an extension of time in which to obtain site plan approval for a proposed open air car lot was neither arbitrary nor capricious (*see Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d at 958). Instead, the Town Board's determination was rational, because the Town of Brookhaven Code did not permit the proposed use, and even if the Town Board had granted the application, the petitioner still would not have been permitted to use the lot for his auto dealership (*id.*).

The petitioner's remaining contentions are without merit. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.