■ In the Matter of Village of Delhi et al., Respondents, v Town of Delhi et al., Appellants. [900 NYS2d 168]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Reynolds Fitzgerald, J.), entered July 10, 2009 in Delaware County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and an action for declaratory judgment, to, among other things, declare that respondent Town of Delhi is responsible for the repair and maintenance of a bridge located within the Village of Delhi.

At issue in this combined CPLR article 78 proceeding and declaratory judgment action is which of two municipalities located in Delaware County is responsible for the maintenance and repair of a concrete structure known as the Woolerton Street Bridge (hereinafter WSB). The WSB spans 18 feet, 6 inches in length and provides passage to the public over Steele Brook. It is undisputed that petitioner Village of Delhi (hereinafter the Village) constructed the WSB in 1890 and, after it washed away, reconstructed it in the 1930s. Thereafter, the Village performed certain maintenance on the WSB, the amount of which is disputed. In 2007, the Village requested that respondent Town of Delhi (hereinafter the Town) maintain the WSB which was in need of extensive repairs. According to the Village, since, among other things, it never formally assumed the "control, care and maintenance" of the WSB as described in Village Law § 6-606, its upkeep is the Town's obligation. The Town denied responsibility for maintaining the WSB on the basis that, first, the structure was not a bridge but, instead, a culvert,* and, second, the WSB had been under the Village's "control and supervision" for the past 60 to 100 years.

In 2008, petitioners—the Village and its Mayor—commenced this hybrid proceeding against respondents—the Town and its Supervisor—seeking, among other things, a judgment compelling the Town to maintain and repair the WSB and a declaration of the rights and obligations of the parties. Thereafter, respondents moved, pursuant to CPLR 3211, to dismiss the hybrid proceeding for failure to state a cause of action and on the basis of documentary evidence. In the alternative, respondents requested leave to conduct pre-answer discovery. Supreme Court, among other things, implicitly denied the motion to dismiss by granting the petition and declaring that the Town is responsible for the care and upkeep of the WSB. This appeal ensued.

---

* Whether the Town has a duty to maintain a structure within its borders depends on whether that structure is defined as a bridge or a culvert (*see Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718, 724 [1999]; *see also* Highway Law § 234; Village Law §§ 6-600, 6-602, 6-604).

Initially, we find no error in Supreme Court's implicit denial of respondents' preanswer motion to dismiss based upon failure to state a cause of action. Liberally construed, petitioners' request for, among other things, a declaration that the Town is responsible for the WSB establishes a cognizable legal theory upon which relief could be granted (*see* CPLR 3001, 3211 [a] [7]; 7803; Village Law § 6-604; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Crepin v Fogarty*, 59 AD3d 837, 838 [2009]). Contrary to respondents' argument, the record does not establish, as a matter of law, that petitioners could not prevail because the WSB is a culvert, rather than a bridge. The Court of Appeals has held that the classification of whether a structure is a bridge or a culvert should be determined according to the ordinary, plain and functional meanings of those words (*see Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718, 723 [1999]). Here, the WSB carries Woolerton Street above Steel Brooke at a height of 12 feet and it appears from the photographs that its purpose is to carry the road across the brook. Moreover, the photographs do not show a "pipe- or box-like construction, or earth fill between the top of the structure and the road surface," which is typical of a culvert (*id.* at 724). Therefore, given this proof, we find no reason to conclude that the motion to dismiss should have been granted on that basis.

Furthermore, we are unpersuaded that the documentary evidence provided in respondents' preanswer motion to dismiss was sufficient to conclusively determine, as a matter of law, that the dismissal motion should have been summarily granted (*see Mendelovitz v Cohen*, 37 AD3d 670, 670-671 [2007]; *see also Williams v Williams*, 36 AD3d 693, 695 [2007]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650, 650 [2006]). Specifically, while it is clear that respondents produced evidence supporting their claim that the Village should be held responsible for the WSB, petitioners, in turn, proffered a colorable claim for relief. Accordingly, we find no basis to conclude that Supreme Court erred in failing to grant respondents' requested relief pursuant to CPLR 3211 (a) (1).

Nevertheless, we are persuaded by respondents' contention that Supreme Court, in granting the petition/complaint, sua sponte, incorrectly denied them their right to answer the amended petition and complaint and assert affirmative defenses (*see e.g. Matter of Karedes v Colella*, 306 AD2d 769, 770 [2003]). While that procedure may be unnecessary in the rare case when the motion papers fully set forth all legal and factual issues and no prejudice will result from the failure to require an answer

(*see generally Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]), here, respondents have raised factual and legal issues which they should be able to assert in an answer, including necessary parties and statute of limitations issues, and additional instances of supervision and control by the Village. Accordingly, the matter should not have been decided without allowing respondents the opportunity to submit an answer and complete any relevant discovery (*see Matter of Marinaccio v Boardman*, 303 AD2d 896, 897 [2003]).

In light of the above conclusion, it is unnecessary to address the remaining issues raised by the parties.

Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings consistent with this Court's decision.