Matter of Weikel v Town of W. Turin (2020 NY Slip Op 06890)





Matter of Weikel v Town of W. Turin


2020 NY Slip Op 06890


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


707 CA 19-02136

[*1]IN THE MATTER OF JERRY WEIKEL, SR., PETITIONER-RESPONDENT,
v
TOWN OF WEST TURIN, AND DOUGLAS SALMON, IN HIS CAPACITY AS SUPERINTENDENT OF HIGHWAYS FOR THE TOWN OF WEST TURIN, RESPONDENTS-APPELLANTS. 






BARCLAY DAMON LLP, WATERTOWN (MARK G. GEBO OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
CAMPANY, MCARDLE & RANDALL, PLLC, LOWVILLE (KEVIN M. MCARDLE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Lewis County (James P. McClusky, J.), entered June 24, 2019 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, granted the petition and directed respondents to provide snow plowing services. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-defendant Town of West Turin (Town) enacted Local Law No. 1 of 1997 (Local Law), which allowed the Town to classify certain roads as low volume roads, including "minimum maintenance roads," and granted the superintendent of highways the authority to determine the amount of maintenance provided to such roads, including snow plowing. In August 2004, petitioner-plaintiff (petitioner) purchased property along a town highway named Bower Road, also known as Bauer Road, which had previously been classified as a minimum maintenance road. Several months later, the Town and Lewis County (County) approved petitioner's respective applications for the construction of a building on the property to be used as a seasonal camp. In June 2008, the County issued a "certificate of occupancy/compliance" to petitioner indicating that a single family dwelling constructed on the property conformed to the approved plans and applicable provisions of law. Petitioner decided in 2014 to relocate permanently to the property and requested that the Town assume responsibility to plow Bower Road. The Town declined to remove the classification and to plow the road.
Petitioner thereafter commenced a hybrid declaratory judgment action and CPLR article 78 proceeding seeking various forms of relief, including a declaration that the Local Law was invalid. On a prior appeal, respondents-defendants (respondents) appealed from a judgment insofar as it granted that part of petitioner's motion for summary judgment seeking that declaratory relief, and we reversed the judgment insofar as appealed from on the ground that petitioner's challenge to the validity of the Local Law was untimely (Matter of Weikel v Town of W. Turin, 162 AD3d 1706, 1707-1709 [4th Dept 2018]). We also noted that petitioner had not cross-appealed from that part of the judgment denying his motion to the extent that it sought relief pursuant to CPLR article 78, and thus his contentions regarding such relief were not properly before us (id. at 1709).
In November 2018, petitioner again requested pursuant to the provisions of the Local Law that the Town discontinue the classification of Bower Road as a minimum maintenance road. [*2]The Town Board, after conducting a properly noticed public hearing as required by the Local Law, passed a resolution denying petitioner's request and declining to plow the road. Petitioner then commenced this hybrid CPLR article 78 proceeding and declaratory judgment action alleging, in relevant part, that the Town Board's decision denying his request was arbitrary and capricious and an abuse of discretion because it was contrary to the Local Law and that the decision not to plow Bower Road constituted a failure to perform a duty imposed by law under Highway Law § 140. Supreme Court granted the petition-complaint (petition) and ordered, among other things, that the road no longer be classified as a minimum maintenance road and that the superintendent of highways plow snow from the road. Respondents appeal, and we now affirm.
As a preliminary matter, we note that this is properly only a CPLR article 78 proceeding inasmuch as the relief sought by petitioner is available under CPLR article 78 without the necessity of a declaration (see generally CPLR 7801; Matter of Level 3 Communications, LLC v Chautauqua County, 148 AD3d 1702, 1703 [4th Dept 2017], lv denied 30 NY3d 913 [2018]).
With respect to this proceeding, contrary to the parties' contentions, "the substantial evidence standard of review does not apply to the administrative decision at issue, since it was made after [an] informational public hearing[], as opposed to a quasi-judicial evidentiary hearing" (Matter of Yilmaz v Foley, 63 AD3d 955, 956 [2d Dept 2009]; see generally Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d 918, 919 [2d Dept 2013]). "Evidentiary hearings that are constitutionally required and have some of the characteristics of adversary trials, including cross-examination, result in 'quasi-judicial' determinations that are subject to article 78 review in the nature of certiorari, where the 'substantial evidence' inquiry is applicable" (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 203 n 2 [1994], rearg denied 84 NY2d 865 [1994]; see CPLR 7803 [4]). "In a mandamus to review proceeding, however, no quasi-judicial hearing is required; the petitioner need only be given an opportunity 'to be heard' and to submit whatever evidence he or she chooses and the agency [or body] may consider whatever evidence is at hand, whether obtained through a hearing or otherwise. The standard of review in such a proceeding is whether the agency [or body] determination was arbitrary and capricious or affected by an error of law" (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]; see CPLR 7803 [3]; New York City Health & Hosps. Corp., 84 NY2d at 203 n 2). Here, the public hearing requirement in the Local Law merely provided for notice to the public and affected segments thereof, i.e., written notice to owners of property abutting the road; petitioner was provided with the opportunity to be heard; and the Town Board considered whatever evidence was at hand. "A public hearing, like the one held here, is for informational purposes only and is not the type of hearing contemplated by [subdivision four of] CPLR 7803" (Matter of Dan Gernatt Gravel Prods. v Town of Collins, 105 AD2d 1057, 1058 [4th Dept 1984]; see New York City Health & Hosps. Corp., 84 NY2d at 203 n 2). Thus, as the court implicitly recognized, the first and second causes of action challenging the Town Board's decision to deny the request for discontinuance of Bower Road as a minimum maintenance road are in the nature of mandamus to review (see CPLR 7803 [3]).
In that regard, we agree with petitioner that the court properly granted the petition to that extent, concluding that the Town Board's decision to continue the classification of Bower Road as a minimum maintenance road violated the terms of the Local Law and was, therefore, arbitrary and capricious (see Matter of Wrobel v Town Bd. of Town of Holland, 210 AD2d 986, 987 [4th Dept 1994]). The Local Law provides several classifications for low volume roads, i.e., those serving less than 400 vehicles per day, which determine the amount of rehabilitation and maintenance such roads receive. The "[l]and use adjacent to the road shall be the basis for classification because it is a convenient and accurate way of identifying the kind of use that a low volume road serves." Among the available classifications is the minimum maintenance road, which is defined, in relevant part, as "a low-volume road or road segment which may be of a seasonal nature, having an average traffic volume of less than [50] vehicles per day which principally or exclusively provides agricultural or recreational land access." Critically, the definition further states that the term minimum maintenance road "shall not apply to those roads, or road segments, which provide . . . access to an individual year-round residence." Other provisions of the Local Law are in conformance with that definition inasmuch as the superintendent of highways may not recommend to the Town Board that a road be classified as a minimum maintenance road if it provides "year-round residences with principal motor vehicle access to goods and services necessary for the effective support of such . . . year-round [*3]residences," and the Town Board is precluded from adopting a local law classifying a minimum maintenance road unless it finds "that such road, or portion thereof, does not constitute access to a year-round residence."
Here, given the applicable definitions set forth in the Local Law and the change in use of the property abutting Bower Road to a year-round residence, petitioner sought to discontinue the classification of Bower Road as a minimum maintenance road pursuant to the procedure established by the Local Law. Contrary to respondents' contention, petitioner was not estopped from doing so. Although petitioner was notified when he initially sought approval to construct a building on the property to be used as a seasonal camp that Bower Road was a minimum maintenance road that would never be plowed unless the Town agreed to change the classification, petitioner did not promise to abstain from seeking such a change and he properly availed himself of the right provided in the Local Law to seek discontinuance of the classification (see Matter of Social Spirits v Town of Colonie, 74 AD2d 933, 934 [3d Dept 1980]). Moreover, the fact that the "certificate of occupancy/compliance" for petitioner's single family dwelling was issued by the County rather than the Town is irrelevant inasmuch as the Local Law provides that "[a]ny person . . . owning or occupying real property abutting a road or portion thereof which has been designated a minimum maintenance road may petition the town board to discontinue the designation." It is indisputable that petitioner owns and occupies property abutting Bower Road and that he now maintains his year-round residence at that location. As the court properly concluded, the Town was bound to follow the Local Law upon consideration of petitioner's request to discontinue the classification of Bower Road as a minimum maintenance road and, inasmuch as the decision to continue the classification violated the terms of the Local Law, the decision was arbitrary and capricious (see Wrobel, 210 AD2d at 987).
We also agree with petitioner that the court properly granted that part of the petition seeking to compel the superintendent of highways to plow snow from Bower Road (see generally Matter of Village of Chestnut Ridge v Howard, 92 NY2d 718, 724 [1999]; Matter of Van Aken v Town of Roxbury, 211 AD2d 863, 865 [3d Dept 1995], lv denied 85 NY2d 812 [1995]). "It is well settled that the remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion . . . A party seeking mandamus must show a 'clear legal right' to relief . . . The availability of the remedy depends 'not on the [petitioner's] substantive entitlement to prevail, but on the nature of the duty sought to be commanded—i.e., mandatory, nondiscretionary action' " (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]; see CPLR 7803 [1]; Scherbyn, 77 NY2d at 757; Matter of Barhite v Town of Dewitt, 144 AD3d 1645, 1648 [4th Dept 2016], lv denied 29 NY3d 902 [2017]). Petitioner's third cause of action "is in the nature of mandamus to compel the performance of a duty imposed by law" inasmuch as he alleged that respondents failed to perform their duty of removing snow from Bower Road as required by Highway Law § 140 (Matter of Aldous v Town of Lake Luzerne, 281 AD2d 807, 808 [3d Dept 2001], citing § 140; see CPLR 7803 [1]; Van Aken, 211 AD2d at 863-865).
In relevant part, the subject statute provides that "[t]he town superintendent shall, subject to the rules and regulations of the department of transportation, . . . [c]ause [town] highways and bridges . . . to be kept in repair, and free from obstructions caused by snow and give the necessary directions therefor" (Highway Law § 140 [2]). Section 140 further provides that the town superintendent shall, "[w]ithin the limits of appropriations[,] employ such persons as may be necessary for the maintenance and repair of town highways and bridges, and the removal of obstructions caused by snow, subject to the approval of the town board, and provide for the supervision of such persons" (§ 140 [4]).
As courts have recognized, Highway Law § 140 imposes a duty upon towns to keep town highways free of obstructions caused by snow (see Herman v Town of Huntington, 173 AD2d 681, 681 [2d Dept 1991]; see generally Fulgum v Town of Cortlandt, 2 AD3d 775, 777 [2d Dept 2003]). Additionally, the New York Attorney General's Office has opined that section 140 "imposes a duty upon the town superintendent of highways to employ such persons, within budgetary limits, as are needed to remove snow which obstructs all town highways, and that duty is unqualified, with no exceptions for certain town highways" (1975 Atty Gen [Inf Ops] 139 at *1). Although the legislature subsequently enacted Highway Law § 205-a, which allows for the temporary discontinuance of snow and ice removal from certain highways, respondents correctly did not invoke that statute here inasmuch as it does not apply to town highways with "occupied [*4]residences . . . dependent upon such highways for access" (id.). The Attorney General has further opined that section 140 requires a town superintendent of highways "to keep town highways in repair and free from obstructions caused by snow" (1986 Ops Atty Gen No. 86-46 at *1). Based on the forgoing, the court properly granted relief to the extent that it compelled the superintendent of highways to plow snow from Bower Road (see generally Village of Chestnut Ridge, 92 NY2d at 724; Van Aken, 211 AD2d at 865).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court