■ PETER J. AMES, Respondent, v SHARON CROSS, Defendant, and FARROW ENTERPRISES, INC., Doing Business as ECONO CAR OF PLEASANTVILLE, Appellant.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Duskas, J.), entered July 9, 1990 in St. Lawrence County, which, *inter alia,* denied a cross motion by defendant Farrow Enterprises, Inc. for summary judgment dismissing the complaint against it.

Plaintiff seeks to recover damages from defendant Farrow Enterprises, Inc. for personal injuries he sustained in an automobile accident which occurred in Virginia on August 23, 1989. Plaintiff was a passenger in an automobile owned by his father and driven by his mother when it was struck from behind by an automobile owned by Farrow and leased to defendant Sharon Cross, the driver. Cross was charged with and pleaded guilty to violating a Virginia law prohibiting the

operation of a motor vehicle while under the influence of any narcotic drug or any other self-administered intoxicant or drug. Cross has not appeared in this action and Farrow's automobile liability insurer has disclaimed coverage for any negligence committed by her. We are advised by counsel that Supreme Court on reargument has since reversed its original decision granting plaintiff summary judgment on the issue of liability. Thus, according to Farrow's brief on this appeal, the only question remaining before us is the propriety of the court's denial of Farrow's cross motion for summary judgment dismissing the complaint against it. We affirm that determination.

Vehicle and Traffic Law § 388 creates a rebuttable presumption that the driver of a vehicle is using it with the owner's permission and consent, express or implied. This presumption continues until substantial evidence to the contrary is produced *(Leotta v Plessinger,* 8 NY2d 449, 461). Whether the presumption has been rebutted is a question of fact except where the evidence is totally lacking in merit, in which event summary judgment may be appropriate *(Rooney v Myers,* 132 AD2d 839, 840, *lv denied* 70 NY2d 612; *Morris v Palmier Oil Co.,* 94 AD2d 911).

We reject Farrow's argument that it should be relieved of liability because Cross was not, at the time of the accident, a permissive user of the rental car because she had breached a condition of the rental agreement. It is not disputed that Farrow initially consented to Cross' operation of the rental vehicle. Allowing Farrow to shield itself from liability for Cross' allegedly negligent operation of the rental car by the simple device of inserting into the rental agreement the restriction that the vehicle not be "used, operated or driven by any person * * * [w]hile under the influence of intoxicants or narcotics" would subvert New York's well-settled policy that " 'one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant' " *(Motor Vehicle Acc. Indemnification Corp. v Continental Natl. Am. Group Co.,* 35 NY2d 260, 264, quoting *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350, 352; *see, Hardeman v Mendon Leasing Corp.,* 87 AD2d 232, 237, *affd* 58 NY2d 892).

Nor is summary judgment in Farrow's favor warranted on its claim that Cross was not a permissive user of the automobile because she had retained the car for 13 days beyond the rental period. The parties' disagreement with respect to whether Farrow made reasonable efforts to retrieve its vehicle from Cross raises a question of fact for the fact finder to

decide *(see, Lincoln v Austic,* 60 AD2d 487, 491, *lv denied* 44 NY2d 644; *Matter of Utica Mut. Ins. Co. [Lahey—Liberty Mut. Ins. Co.],* 95 AD2d 150, 153).

Lastly, New York's law rather than Virginia's law was properly applied to this case. There is no evidence in the record that plaintiff, a member of the U. S. Marine Corps who until two months prior to the accident had lived in New York and who was stationed in North Carolina when the accident occurred, intended to make his permanent home there for the purposes of determining his domicile *(see, Antone v General Motors Corp., Buick Motor Div.,* 64 NY2d 20, 28). Given that all the parties were domiciliaries of New York at the time of the occurrence, New York clearly has a significant interest in applying its own law to assure that its domiciliaries are adequately compensated for their injuries *(see, Schultz v Boy Scouts,* 65 NY2d 189, 198; *Thomas v Hanmer,* 109 AD2d 80).

Weiss, J. P., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.