■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, as Subrogee of JOHN D. GOOLEY et al., Individually and as Parents of AARON GOOLEY, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and MARK DELVECCHIO et al., Individually and as Administrators of the Estate of DANIEL DELVECCHIO, Deceased, Appellants, et al., Defendants. [761 NYS2d 730] —Kane, J. Appeal from that part of an order of the Supreme Court (Canfield, J.), entered April 29, 2002 in Rensselaer County, which granted a cross motion by defendant Nationwide Mutual Insurance Company and declared that said defendant is not obligated to defend or indemnify defendants Robert Piche, Sr., Nicholas Piche and Robert Piche, Jr. in an underlying action.

An action was commenced by defendants Mark Delvecchio and Janice Delvecchio to recover for pain, suffering and the wrongful death of their son, who died as a result of a car accident. Aaron Gooley was the driver of a car owned by defendant Robert Piche, Sr., in which the Delvecchios' son was a passenger. Plaintiff was the insurer under a homeowner's policy issued to John Gooley and Bonnie Gooley, Aaron Gooley's

parents and owners of the home where an underage drinking party occurred shortly before the accident. Plaintiff commenced this declaratory judgment action seeking a declaration that defendant Nationwide Mutual Insurance Company, the insurer under homeowner's and automobile insurance policies issued to Robert Piche, Sr., had a duty to defend and indemnify the Piches. The Delvecchios cross-claimed, seeking declarations that plaintiff and Nationwide must defend and indemnify various parties. Following motions for summary judgment, Supreme Court determined that plaintiff must defend and indemnify the Gooleys against the Delvecchios' Dram Shop Act cause of action but no other causes of action, and Nationwide was not required to defend or indemnify Robert Piche, Sr. and defendants Nicholas Piche and Robert Piche, Jr. under either the homeowner's or automobile insurance policies. The Delvecchios appeal.

The Delvecchios contend that Nationwide should be required to defend and indemnify the Piches under its automobile insurance policy. A vehicle owner is vicariously liable for the negligence of anyone operating his or her vehicle with express or implied permission (see Vehicle and Traffic Law § 388 [1]). The statute creates a rebuttable presumption that an operator of a motor vehicle is driving with the owner's consent (see Bost v Thomas, 275 AD2d 513, 514 [2000]; Ames v Cross, 177 AD2d 771, 772 [1991]). Although the question of permission is generally one for the jury, the presumption may be rebutted as a matter of law upon an uncontroverted factual showing (see Leonard v Karlewicz, 215 AD2d 973, 974-975 [1995]; Ames v Cross, supra at 772).

Sworn police statements from most of the attendees of the party, including Aaron Gooley, and Nicholas Piche's statement to an insurance investigator indicate that Aaron Gooley asked Nicholas Piche for his car keys to prevent him from driving after having consumed alcohol, the keys were put away so Nicholas Piche would not find them, Aaron Gooley had never been permitted to drive the Piche vehicle before, the vehicle was locked, Nicholas Piche did not then nor ever tell nor imply to Aaron Gooley that he could drive the vehicle, and the next morning Nicholas Piche was not aware that his car was gone, was not sure who had taken it, and was upset that someone had taken it. Nicholas Piche's statement was consistent with the other statements except he did not remember giving his keys to Aaron Gooley. This information rebuts the presumption and establishes a lack of permission for Aaron Gooley to operate the Piche vehicle (compare Leonard v Karlewicz, supra;

*Polsinelli v Town of Rotterdam*, 167 AD2d 579 [1990]). As Nationwide's automobile policy only insured permissive users, Supreme Court properly determined that Nationwide was not required to defend or indemnify the Piches under that policy.

The Delvecchios also contend that Nationwide should be required to defend and indemnify the Piches under its homeowner's policy. That policy contained an exclusion, relied upon in Nationwide's disclaimer letter, excluding coverage for bodily injury "caused by or resulting from an act or omission which is criminal in nature and committed by an insured * * * regardless of whether the insured is actually charged with, or convicted of a crime." Contrary to the Delvecchios' arguments, such an exclusion is not contrary to public policy, as the Legislature has expressed a preference to facilitate rather than hinder insurers' efforts to remove coverage for persons who perform criminal acts (*see Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 295-296 [2002], citing Insurance Law § 3425 [c] [2] [B]). Under the homeowner's policy, the Delvecchios believe coverage should extend under their negligence and Dram Shop Act claims (General Obligations Law § 11-101) based on allegations that Nicholas Piche, then 17 years old, purchased alcohol for the party using identification belonging to and provided to him by his 22-year-old brother, Robert Piche, Jr. These actions by the Piche brothers violated criminal statutes (*see* Penal Law § 190.25 [1] [criminal impersonation in the second degree];* § 260.20 [2] [unlawfully dealing with a child in the first degree]; *see also* Alcoholic Beverage Control Law §§ 65, 65-b, 65-c [1] [all offenses, not crimes]). The Delvecchios even noted in their complaint that the cause of action against the Piche brothers was based on their "illegal providing of alcoholic beverages." Additionally, injury arising out of the use of a motor vehicle was an exclusion under the policy, which was raised in the disclaimer letter. As the motor vehicle and the criminal acts exclusions apply, Nationwide has no obligation to defend or indemnify the Piches.

We have examined the Delvecchios' remaining arguments and find them to be without merit.

Crew III, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Although an affirmative defense to this crime now exists (Penal Law § 190.84), it was not in effect at the relevant time.