■ Martin Kelly, Appellant, v Gregory Schwend et al., Respondents. [789 NYS2d 723]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated January 29, 2004, as granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), and (2) from an order of the same court dated April 28, 2004, which denied his motion, inter alia, for a stay of enforcement of the order dated January 29, 2004, pending determination of this appeal.

Ordered that the order dated January 29, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated April 28, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In 1995 the plaintiff purchased property that is abutted to the south by property owned by the defendants. After a survey by the defendants in 2003 revealed, inter alia, several encroachments emanating from the plaintiff's property, and after the defendants requested that the encroachments be removed, the plaintiff commenced this action alleging that he had obtained by adverse possession a strip of the defendants' property approximately 10 feet wide along the parties' shared border (hereinafter the disputed strip) containing the encroachments. Alternatively, the plaintiff alleged that he obtained a prescriptive easement to the disputed strip. The branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) was granted. We affirm the dismissal of the complaint.

Where, as here, evidentiary material was submitted in support of a motion to dismiss, the motion may be granted where such evidence demonstrates that a material fact alleged by the plaintiff to be true is not a fact at all or that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Allstate Ins. Co. v Raguzin, 12 AD3d 468 [2004]). In support of their cross motion, the defendants submitted evidence, without objection, including the affidavit of one of

the former owners of the property, demonstrating that the alleged use and possession of the disputed strip by the plaintiff's predecessor-in-interest was not under claim of right, but was by permission as a matter of willing accord and neighborly accommodation (*see Bockowski v Malak,* 280 AD2d 572 [2001]; *Klein v Lowy,* 265 AD2d 380 [1999]). Because the plaintiff has not occupied the subject property for the requisite 10-year statutory period, this evidence negates a material element of his cause of action claiming he obtained the disputed strip by adverse possession (*see Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d 154 [1996]; *Rowland v Crystal Bay Constr.,* 301 AD2d 585, 586 [2003]; *Casini v Sea Gate Assn.,* 262 AD2d 593, 594 [1999]; *Katona v Low,* 226 AD2d 433 [1996]). Thus, the complaint, insofar as it sought such relief, was properly dismissed. Similarly, the plaintiff's cause of action seeking a prescriptive easement was also properly dismissed (*see Di Leo v Pecksto Holding Corp.,* 304 NY 505 [1952]; *Frumkin v Chemtop,* 251 AD2d 449 [1998]; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524, 525-526 [1992]; *Hey v Collman,* 78 App Div 584 [1903], *affd* 180 NY 560 [1905]). H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.