■ HELEN ROBINSON, Respondent, v KINGSTON HOSPITAL et al., Appellants. [866 NYS2d 387]—

Stein, J. Appeal from an order of the Supreme Court (Cahill, J.), entered November 26, 2007 in Ulster County, which, among other things, granted plaintiff's cross motion for partial summary judgment.

In 2004, plaintiff, a long-time employee of defendant Kingston Regional Healthcare System (hereinafter KRHS), was working as director of Kingston WoRx. She was also assigned to work as a consulting nurse administrator at Ellenville Regional Hospital (hereinafter ERH) pursuant to a management contract between KRHS and ERH. As of January 1, 2005, plaintiff was assigned full time to ERH as vice-president for Nursing and Ancillary Services, while remaining an employee of KRHS. Pursuant to the management contract, ERH reimbursed KRHS for plaintiff's $107,000 annual salary. KRHS sent plaintiff a letter dated February 7, 2005 outlining the terms of her employment, including a salary of $48.07 per hour or $3,846.16 per pay period (amounting to approximately $100,000 per year), up to $10,000 in incentive bonuses and a severance benefit of six months pay "[i]n the unlikely event that [her] employment [was] terminated for reasons other than criminal or similar issues." The management contract between KRHS and ERH was terminated as of December 31, 2005 and plaintiff's position was effectively eliminated.

On January 6, 2006, plaintiff received a memo from KRHS outlining an offer to her of the position of director of Nursing Support Services at an annual salary of $75,000, approximately $25,000 less than her previous salary; no severance pay was offered. She notified KRHS that she considered its offer of a position with a lower salary and decreased responsibilities to be a termination of her employment and, therefore, that she was resigning. When defendants refused to pay plaintiff severance benefits, she commenced this action for breach of contract and account stated. Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on her breach of contract cause of action. Supreme Court denied defendants' motion and granted plaintiff's cross motion. Defendants now appeal.

Supreme Court correctly found that, notwithstanding plaintiff's status as an at-will employee, the terms of the February 7, 2005 letter required a determination of whether plaintiff's employment was terminated, thus entitling her to a severance benefit. We reject defendants' contention that we must find that plaintiff's employment was not terminated simply because she was offered another position with KRHS. However, we find that plaintiff has not established her right to judgment as a matter of law on the issue of whether she was constructively terminated.

Both parties agree that the February 7, 2005 letter outlining the terms of plaintiff's position at ERH constituted an employ-

ment contract with KRHS,[1] and there is no dispute that the position was eliminated or that defendants refused to pay a severance benefit to plaintiff. Plaintiff also established that the new position offered by KRHS entailed a substantial reduction in salary, the elimination of incentive bonuses and, unlike her previous position, did not include supervisory duties. However, plaintiff failed to demonstrate that KRHS "deliberately [made her] working conditions so intolerable that [she was] forced into an involuntary resignation" (*Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 621 [2006] [internal quotation marks and citation omitted]). Among other things, there was simply no evidence that the working conditions associated with the new position were "so difficult or unpleasant that a reasonable person in [plaintiff's] shoes would have felt compelled to resign" (*id.* at 622 [internal quotation marks and citation omitted]). Plaintiff's conclusory and speculative statements regarding the nature of the new position and the employer's motivation for offering such position are insufficient to establish her entitlement to judgment as a matter of law in order to shift the burden to defendants to raise a question of fact on the issue of her constructive discharge (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). Thus, plaintiff's cross motion should have been denied regardless of the sufficiency of the opposing papers[2] (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 385 [2005]).

Finally, searching the record as we are empowered to do under summary judgment (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]), we find that defendants are not entitled, on this record, to an order dismissing plaintiff's cause of action for an account stated.

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for partial summary judgment; cross motion denied; and, as so modified, affirmed.

---

1. The contract expressly provides that, even though plaintiff was "assigned to report to the CEO at Ellenville," she remained an employee of KRHS.

2. Defendants apparently did not submit any opposition to plaintiff's cross motion. Furthermore, while defendants' motion papers refer to a memorandum of law setting forth their arguments, the memorandum of law is not part of the record before us.