■ Sandra Datena, Appellant, v JP Morgan Chase Bank, Respondent, et al., Defendant. [901 NYS2d 290]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered April 27, 2009, which granted the motion of the defendant JP Morgan Chase Bank pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

According to a deed filed in the Nassau County Clerk's office on August 1, 2003, the plaintiff and her daughter, the defendant Reba Singh, took title to real property located in Baldwin (hereinafter the subject property) as joint tenants on July 21, 2003. Thereafter, when the defendant JP Morgan Chase Bank (hereinafter the Bank) docketed a money judgment obtained against Singh with the Nassau County Clerk's office, that judgment became a lien on the property. The plaintiff commenced this action against the Bank and Singh seeking, among other relief, to remove the judgment lien on the property on the ground that Singh was not a joint owner of the real property. According to the plaintiff, Singh was listed as a joint owner because of the plaintiff's desire "to make Singh a co-owner solely as a testamentary substitute." After the plaintiff commenced this action, the Bank moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

A complaint may be dismissed if "documentary evidence . . . 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*, 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.*, 273 AD2d 453, 453 [2000]; CPLR 3211 [a] [1]). On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the allegations in the complaint are accepted as true and accorded the benefit of every possible favorable inference to determine if the facts, as alleged, fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Whether the plaintiff can prove her allegations is not part of the calculus in this determination (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Dismissal may result if the movant satisfies its "burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*,

34 AD3d at 445, quoting *Nevin v Laclede Professional Prods.*, 273 AD2d at 453).

The deed recorded by the plaintiff clearly and unambiguously states that she took title to the subject property as a joint tenant with Singh. Therefore, the wording in the deed listing the grantees "as joint tenants" submitted by the defendant in support of the motion to dismiss cannot be varied by parol evidence (*see Loch Sheldrake Assoc. v Evans*, 306 NY 297 [1954]; *Coleman v Village of Head of Harbor*, 163 AD2d 456 [1990]). The unambiguous language in the deed establishes that Singh is a joint tenant and, thus, negates a material element of the plaintiff's cause of action against the Bank (*see* CPLR 5203; *Kelly v Schwend*, 15 AD3d 450 [2005]; *Mayerhoff v Timenides*, 269 AD2d 369 [2000]). Under these circumstances, the plaintiff does not have a cause of action against the Bank.

The plaintiffs' contention that Banking Law § 675 requires a different result is not properly before this Court because it was not raised before the Supreme Court (*see Vingo v Rosner*, 29 AD3d 896 [2006]). Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.