■ MINNIE KEEHLE, Appellant, v DIOCESE OF SYRACUSE et al., Respondents. [915 NYS2d 352]—

Kavanagh, J. Appeal from an order of the Supreme Court (Tait, J.), entered September 29, 2009 in Broome County, which granted defendants' motion to dismiss the complaint.

Plaintiff began her employment as a teacher for defendant Diocese of Syracuse in 2004 and, upon successful completion of a three-year probationary period, had the right under her contract to renew her employment as a teacher on an annual basis. After she exercised that right for the 2007-2008 school year, plaintiff was assigned to teach at defendant St. Joseph's Parish in the Village of Endicott, Broome County. Plaintiff claims that at St. Joseph's, the school principal made her working conditions so intolerable that she could no longer teach and was forced to give up her position. Specifically, plaintiff maintains that the school principal consistently refused to provide her with necessary school supplies, did not give her essential administrative support and repeatedly berated her in front of her students. She alleges that this treatment made her so ill that she was required to take a medical leave and was ultimately unable to continue in her teaching position. Plaintiff commenced this breach of contract action claiming that this work environment made it impossible for her to "continue her employment beyond September 26, 2008" and served to "effectively terminate[ ]" her. In response, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), claiming that plaintiff was still an employee of defendants, and had not resigned her position or been terminated. Supreme Court granted defendants' motion and plaintiff now appeals.

We affirm. "On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the allegations in the complaint are accepted as true and accorded the benefit of every possible favorable inference to determine if the facts, as alleged, fit within any cognizable legal theory" (*Datena v JP Morgan Chase Bank*, 73 AD3d 683, 684 [2010]; *see Balunas v Town of Owego*, 56 AD3d 1097, 1098 [2008], *lv denied* 12 NY3d 703 [2009]; *Griffin v Anslow*, 17 AD3d 889, 891-892 [2005]). Moreover, "[t]o succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and

definitively disposes of the plaintiff's claim" (*Cerand v Burstein*, 72 AD3d 1262, 1264 [2010] [internal quotations and citations omitted]; *see William J. DeTorres III, M.D., P.C. v Claxton-Hepburn Med. Ctr.*, 65 AD3d 733, 733-734 [2009]; *Weston v Cornell Univ.*, 56 AD3d 1074, 1075 [2008]). Plaintiff's claim that she was constructively discharged from her position because of the conditions that existed in the workplace (*see Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 621-622 [2006]; *Nelson v HSBC Bank USA*, 41 AD3d 445, 447 [2007]; *accord Robinson v Kingston Hosp.*, 55 AD3d 1121, 1123 [2008]) is belied by the documentary evidence submitted by defendants establishing that she has not resigned from her position and, while on leave, is still an employee of the Diocese. In that regard, we note that plaintiff continues to receive employee benefits, including disability and sick pay, as well as health insurance.* Inasmuch as the documentary evidence submitted by defendants conclusively established that plaintiff was still in defendants' employ, albeit on medical leave, her complaint was properly dismissed (*see generally Datena v JP Morgan Chase Bank*, 73 AD3d at 684-685).

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* She also applied for workers' compensation disability benefits.