■ MICHAEL LOPES, as Administrator of the Estate of MICHAELLA K. LOPES, Deceased, Appellant, v WILLIAM H. BAIN III, Respondent. [920 NYS2d 792]—

Garry, J.

In the early morning hours of April 21, 2008, Dustin St. Andrews, then 16 years old and without a driver's license, was involved in a car accident while driving a motor vehicle owned by defendant, his uncle. St. Andrews was legally intoxicated at the time and lost control of the vehicle while traveling at speeds near 100 miles per hour. The car left the road and struck a tree, killing two of the four passengers. Defendant had been out of the state on a business trip since December 2007; he was informed later that morning by telephone that his vacant home showed signs of forced entry and that his nephew, St. Andrews, had been driving his car at the time of the fatal accident. Defendant denied giving St. Andrews permission to use the car, and pressed charges for the forcible entry and theft.

St. Andrews was charged in a 23-count indictment, including charges of vehicular homicide and burglary, and ultimately pleaded guilty to one count of vehicular manslaughter in the first degree in satisfaction of all charges. In the course of his plea allocution, St. Andrews stated that he did not have permission to drive defendant's car and, in fact, had stolen it. Plaintiff, the administrator of the estate of one of the passengers who died as a result of the accident, commenced this wrongful death

action claiming that defendant, as the owner of the car, was vicariously liable under Vehicle and Traffic Law § 388 because St. Andrews drove the vehicle with defendant's either explicit or implicit consent. Defendant brought this pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (7).[1] Supreme Court granted the motion, and plaintiff appeals.

Vehicle and Traffic Law § 388 states that "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle," by any person using the vehicle with the owner's express or implied permission (Vehicle and Traffic Law § 388 [1]). "The statute creates a rebuttable presumption that an operator of a motor vehicle is driving with the owner's consent" (*New York Cent. Mut. Fire Ins. Co. v Nationwide Mut. Ins. Co.*, 307 AD2d 449, 450 [2003] [citation omitted]; *see Bost v Thomas*, 275 AD2d 513, 514 [2000]). Plaintiff contends that this presumption was not conclusively rebutted as, even accepting the absence of proof of explicit permission, there were unresolved issues as to whether "a course of conduct had built up between the parties implying permissive use" (*Schulman v Consolidated Edison Co. of N.Y.*, 85 AD2d 186, 187 [1982]).

Significantly, "[t]o succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim" (*Keehle v Diocese of Syracuse*, 80 AD3d 974, 974-975 [2011] [internal quotation marks and citations omitted]; *see Bordeleau v State of New York*, 74 AD3d 1688, 1689 [2010]). Defendant's proof in support of his claim of a complete defense pursuant to Vehicle and Traffic Law § 388 consists mainly of affidavits, which do not meet the requirements of "documentary evidence" as contemplated by CPLR 3211 (a) (1) (*see Crepin v Fogarty*, 59 AD3d 837, 838 [2009]; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]). Even assuming that the transcript of St. Andrews' plea allocution may be considered documentary evidence under the statute as a judicial record (*see Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]), the fact remains that this statement does not definitively refute, as a matter of law, plaintiff's claim that there was implied permission based upon past conduct (*see Matter of Village of Delhi v Town of Delhi*, 72

---

1. Counsel for both parties confirmed at oral argument that there was no conversion to summary judgment before Supreme Court (*see* CPLR 3211 [c]).

AD3d 1476, 1478 [2010]).[2] Accordingly, dismissal pursuant to CPLR 3211 (a) (1) was not appropriate.

With respect to CPLR 3211 (a) (7), we note that, to succeed under this statutory section, "the allegations in the complaint are accepted as true and accorded the benefit of every possible favorable inference to determine if the facts, as alleged, fit within any cognizable legal theory" (*Keehle v Diocese of Syracuse*, 80 AD3d at 974 [internal quotation marks and citation omitted]; *see Bordeleau v State of New York*, 74 AD3d at 1688). Assessing the pleadings in that light, we find that plaintiff sufficiently states a viable claim of vicarious liability against defendant pursuant to Vehicle and Traffic Law § 388. Defendant contends that "[t]he rule that the facts alleged are presumed to be true does not apply . . . to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence" (*Quail Ridge Assoc. v Chemical Bank*, 162 AD2d 917, 918 [1990], *lv dismissed* 76 NY2d 936 [1990]). However, as the proof does not unequivocally disprove the allegations of implied permission set forth in the complaint, we find no basis for dismissal pursuant to CPLR 3211 (a) (7).

Lahtinen, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of the date of this Court's decision.

---

**2.** We note that, attached to plaintiff's response to the dismissal motion, plaintiff included several witness statements indicating that St. Andrews had been seen driving defendant's vehicle prior to the date of the accident.