■ WILLIAM REESE JAMES et al., as Coadministrators of the Estate of SHANNON RENEE JAMES, Deceased, Appellants, v WILLIAM H. BAIN, III, Respondent. [927 NYS2d 187]—

Garry, J.

Plaintiffs are the coadministrators of the estate of Shannon Renee James, a teenager who died as the result of injuries she sustained when an automobile in which she was a passenger left the road and struck a tree. The vehicle was owned by defendant and driven by defendant's grandnephew, Dustin St. Andrews. The facts of this case are otherwise identical to those of *Lopes v Bain* (82 AD3d 1553 [2011]).

Plaintiffs commenced this wrongful death action alleging that defendant is vicariously liable for the death of James because, among other things, defendant gave permission to St. Andrews to use his vehicle (*see generally* Vehicle and Traffic Law § 388 [1]). Defendant made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) based upon Supreme Court's prior order dismissing the complaint in *Lopes v Bain* (*supra*), affidavits, and the admission of St. Andrews—made during his plea allocution in a criminal matter arising from this incident—that he had stolen defendant's vehicle and

did not have permission to use it. Supreme Court granted the motion and plaintiffs appeal.

Although defendant relies upon case law relative to summary judgment, there is no indication in the record that the application was converted to such a motion (*see* CPLR 3211 [c]; Siegel, NY Prac § 270, at 451-452 [4th ed]), nor that the parties charted such a course (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]). Thus, as in *Lopes v Bain* (*supra*), we find that the affidavits submitted in support of defendant's motion to dismiss based upon CPLR 3211 (a) (1) do not constitute "documentary evidence" as contemplated by that provision and, even assuming the transcript of the plea allocution may so qualify, it still fails to "definitively refute, as a matter of law, plaintiff[s'] claim that there was implied permission" (*Lopes v Bain*, 82 AD3d at 1554; *see Crepin v Fogarty*, 59 AD3d 837, 838 [2009]; Siegel, NY Prac § 259, at 440-441 [4th ed]; *see also* Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, 2011 Pocket Part, at 5). Dismissal on this ground was therefore in error.

Similarly, it was inappropriate for Supreme Court to grant defendant's motion based upon CPLR 3211 (a) (7). According plaintiffs every favorable inference and accepting the facts alleged as true, the complaint sets forth a cognizable claim for wrongful death, which precludes dismissal for failure to state a cause of action (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Alaimo v Town of Fort Ann*, 63 AD3d 1481, 1482-1484 [2009]).

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of the date of this Court's decision.