Devine, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered April 18, 2013 in Columbia County, which granted defendant’s motion to dismiss the complaint.
Defendant, an incorporated property association, acquired real property in 1960 abutting a lake and it subdivided the parcel into 13 lots. It then assigned the lots to its founding members, including Otis Rawalt and Roberta Rawalt, by provision of certificates of ownership. The Rawalts’ certificate of ownership stated that they were owners of the parcel “subject to the provisions of [defendant’s] [c]ertificate of [incorporation . . ., and further subject to all the provisions, conditions, restrictions and covenants contained in [defendant’s] by-laws” that had been adopted in 1960. Plaintiffs purchased their parcel from the estate of Roberta Rawalt in 2004. The contract of sale expressly provided that defendant remained the title owner of the property and that the conveyance to plaintiffs was subject to defendant’s organizational rules and bylaws. Shortly thereafter, defendant issued plaintiffs’ realty trust a certificate of ownership providing, among other things, that plaintiffs’ acquisition of the parcel was subject to defendant’s bylaws and certificate of incorporation.
At the time of their purchase of the property, plaintiffs were *1207 aware that defendant had created a common swimming area that extended along the shoreline of plaintiffs’ parcel. However, plaintiffs grew dissatisfied with the location of the swimming area in that it interfered with their ability to access their dock by boat, fish and otherwise enjoy the lakefront property. They therefore commenced this action seeking a declaration of their interests in the property pursuant to RPAPL article 15 and alleging trespass and nuisance causes of action. Defendant served an answer and, approximately one month later, moved for dismissal of the complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court granted the motion, prompting plaintiffs to appeal. Plaintiffs argue that defendant’s motion pursuant to CPLR 3211 (a) (1) was improperly granted inasmuch as defendant’s documentary submissions did not constitute undisputed evidence that conclusively disposed of the claims in the complaint. Although Supreme Court did not specify in its order that it was premising its dismissal of the complaint upon CPLR 3211 (a) (1), we agree with plaintiffs’ contention that it was erroneous to do so.
A motion under CPLR 3211 (a) (1) is properly granted “only where the documentary evidence utterly refutes [the] plaintiffs factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011]). The documents that defendant submitted in support of its motion included, among other things, its certificate of incorporation, its deed to the property, a copy of defendant’s 1987 bylaws, a subdivision map, minutes and notes from certain membership meetings, plaintiffs’ contract of sale and a certificate of ownership of other members of defendant. However, as the majority of these evidentiary items — including defendant’s undated meeting minutes and the unsigned 1987 amended bylaws — are not “unambiguous and of undisputed authenticity,” they do not provide a basis to dismiss the complaint (Fontanetta v John Doe 1, 73 AD3d 78, 86 [2010]).
Nonetheless, consideration of defendant’s bylaws and the provision that all members of defendant are granted access to the “water front and swimming area” of the lake does not resolve, as a matter of law, plaintiffs’ claims that defendant, the conceded fee owner of the property, has violated plaintiffs’ riparian rights in its placement of a common swimming area across plaintiffs’ parcel (see Lopes v Bain, 82 AD3d 1553, 1554-1555 [2011]; Cerand v Burstein, 72 AD3d 1262, 1264 [2010]). Likewise, defendant’s certificate of incorporation failed to dispose of plaintiffs’ claims, as such document merely states *1208 that defendant was incorporated “[t]o purchase, develop, maintain, equip and operate certain lands abutting on the shores of Queechy Lake ... as a vacation and resort area for the mutual enjoyment and comfort of its members,” thereby leaving unanswered the question regarding plaintiffs’ alleged rights to unfettered lake access and, further, the complaint’s trespass and nuisance claims. Finally, while plaintiffs’ and the Rawalts’ certificates of ownership include a metes and bounds description of the property conveyed by defendant, because such documents did not contain an express reservation of underwater rights to defendant, dismissal of the complaint based upon these documents was not warranted (see Knapp v Hughes, 19 NY3d 672, 676-677 [2012]; Lopes v Bain, 82 AD3d at 1554-1555; Weston v Cornell Univ., 56 AD3d 1074, 1075 [2008]).
To the extent that plaintiffs maintain that defendant waived its right to move for dismissal based upon documentary evidence by failing to raise it in a pre-answer motion or in its answer (see CPLR 3211 [e]), and that various documents submitted with defendant’s motion are inadmissible, such claims were not made before Supreme Court and, therefore, they are not properly before this Court for consideration in the first instance (see Baldwin v Bradt, 96 AD3d 1216, 1218 [2012]).
We now address plaintiffs’ challenge of Supreme Court’s dismissal of the complaint for failure to state a cause of action. “On a motion to dismiss pursuant to CPLR 3211 (a) (7), we are to afford the pleading a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory” (Sand v Chapin, 238 AD2d 862, 863 [1997]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Whether a plaintiff can “ultimately establish its allegations is not part of the calculus in determining [such] motion” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Lewis v DiMaggio, 115 AD3d 1042, 1044 [2014]). Here, plaintiffs sufficiently pleaded a viable claim pursuant to RPAPL article 15, having alleged that their certificate of ownership allows them certain property rights, including riparian rights to unfettered access to the lake, and that defendant has continually interfered with such riparian rights (see Howard v Murray, 38 NY2d 695, 699 [1976]; see also Matter of Newton v Town of Middletown, 31 AD3d 1004, 1007 [2006]). Having sufficiently pleaded a legally cognizable claim, plaintiffs’ first cause of action “ survive [s] dismissal under the liberal test employed on a CPLR 3211 motion” (Matter of Quiver Rock, LLC v New York State Adirondack Park Agency, 93 AD3d 1135, 1136 [2012]).
*1209 Nor was the dismissal of plaintiffs’ trespass and private nuisance causes of action appropriate, as the complaint alleged that defendant’s maintenance of a roped-off swimming area directly in front of plaintiffs’ property was contrary to plaintiffs’ riparian rights and without authorization (see Ferrari v Belawa, 241 AD2d 841, 843 [1997]) and, further, that it substantially interfered with plaintiffs’ use and enjoyment of their lakefront property (see McNeary v Niagara Mohawk Power Corp., 286 AD2d 522, 524-525 [2001]; compare Jennings v Fisher, 258 AD2d 722, 723-724 [1999]). In an affidavit opposing defendant’s motion, plaintiff Robert B. Trask maintained that, although certain of defendant’s board members had confirmed at the time of plaintiffs’ purchase of the parcel that the location of the swimming area would be altered upon plaintiffs’ request and, further, that plaintiffs’ acquisition of the parcel would include “full access and use of the frontage of the parcel to access Queechy Lake,” plaintiffs’ request to move the area was denied by defendant, thereby preventing plaintiffs from being able to dock their boats, use their kayaks and fish off the lakefront with their grandchildren. Accepting these assertions as true, plaintiffs have stated cognizable trespass and nuisance claims, thereby immunizing such causes of action from dismissal under CPLR 3211 (a) (7).
The parties’ remaining contentions have been reviewed and found to be lacking in merit.
Stein, J.P., McCarthy, Garry and Lynch, JJ., concur.
Ordered that the order is reversed, on the law, with costs, and motion denied.