Farm Family Cas. Ins. Co. v Henderson (2020 NY Slip Op 00021)





Farm Family Cas. Ins. Co. v Henderson


2020 NY Slip Op 00021


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528154

[*1]Farm Family Casualty Insurance Company, Appellant,
v
George B. Henderson et al., Respondents.

Calendar Date: November 18, 2019

Before: Garry, P.J., Mulvey, Aarons and Colangelo, JJ.


Litchfield Cavo LLP, New York City (Dana M. Ricci of counsel), for appellant.
Thuillez, Ford, Gold, Butler & Monroe, LLP, Albany (Donald P. Ford Jr. of counsel), for George B. Henderson and another, respondents.
Stenger, Roberts, Davis & Diamond, LLP, Wappingers Falls (Thomas R. Davis of counsel), for Charles Henderson and another, respondents.



Mulvey, J.
Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered June 1, 2018 in Albany County, which, among other things, granted defendants' motions for summary judgment dismissing the complaint.
Defendant George B. Henderson owns defendant Henderson Farms (hereinafter the farm). While a tractor was being unloaded from the back of a flatbed truck on the farm, the tractor rolled over George Henderson's son, defendant Charles Henderson, causing severe injuries. Charles Henderson and his spouse, defendant Heather Henderson, subsequently commenced a personal injury action against George Henderson, the farm and another entity.
Plaintiff, which had issued a business automobile insurance policy to George Henderson that was in effect on the date of the incident, commenced this action seeking a declaration that it is not obligated to defend or indemnify George Henderson or the farm in the personal injury action. Following joinder of issue, George Henderson and the farm moved for summary judgment dismissing the complaint and seeking a declaration that plaintiff must defend and indemnify them in the underlying action. Charles Henderson and his spouse cross-moved for the same relief. Plaintiff cross-moved for summary judgment on its complaint. Supreme Court granted defendants' motions, dismissing the complaint and declaring that plaintiff must defend and indemnify George Henderson and the farm, and denied plaintiff's cross motion. Plaintiff appeals.
Supreme Court properly granted defendants' motions for summary judgment, as plaintiff is obliged to defend George Henderson and the farm against allegations of negligence resulting from use of the flatbed truck. "[A]n insurance company's duty to defend is broader than its duty to indemnify. Indeed, the duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks, ellipsis and citation omitted]; see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648 [1993]). To avoid its duty to defend, an insurer must show, "as a matter of law[,] that there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured under any provision of the insurance policy" (Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424 [1985] [internal quotation marks, brackets and citation omitted]). If anything within the "four corners of the complaint suggest[s] . . . a reasonable possibility of coverage," the insurer must defend, even though it may not ultimately be bound to pay because the insured may not be liable (Continental Cas. Co. v Rapid-American Corp., 80 NY2d at 648; see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65-66 [1991]; State of New York v Flora, 173 AD3d 1402, 1403-1404 [2019]; Village of Brewster v Virginia Sur. Co., Inc., 70 AD3d 1239, 1241 [2010]).
Pursuant to the Vehicle and Traffic Law, "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for . . . injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner" (Vehicle and Traffic Law § 388 [1]). Courts have interpreted Vehicle and Traffic Law § 388 (1) to mean that "[a] vehicle owner is vicariously liable for the negligence of anyone operating his or her vehicle with express or implied permission" (New York Cent. Mut. Fire Ins. Co. v Nationwide Mut. Ins. Co., 307 AD2d 449, 450 [2003]; see Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 558 [1999]; Lopes v Bain, 82 AD3d 1553, 1554 [2011]). Vehicle and Traffic Law § 388 (4) states that "[a]ll . . . policies of insurance issued to the owner of any vehicle . . . shall contain a provision for indemnity or security against the liability and responsibility provided in this section" (see 11 NYCRR 60-1.1 [a]). Based on this express requirement on insurers, policies that leave gaps in coverage "violate[] New York law and public policy" (Royal Indem. Co. v Providence Washington Ins. Co., 92 NY2d 653, 657 [1998]), rendering them unenforceable as to those gaps (see Progressive Cas. Ins. Co. v Baker, 290 AD2d 676, 677-679 [2002]). "The policy of insurance issued must be as broad as the insured owner's liability for use of the vehicle by the owner or anyone using the vehicle with his [or her] permission" (Rosado v Eveready Ins. Co., 34 NY2d 43, 49 [1974] [citations omitted]; see Matter of Liberty Mut. Ins. Co. [Hogan], 82 NY2d 57, 61-62 [1993]).
Loading and unloading of a covered vehicle constitute "use or operation" pursuant to Vehicle and Traffic Law § 388 (1) (see Argentina v Emery World Wide Delivery Corp., 93 NY2d at 558; Smith v Zink, 274 AD2d 885, 886 [2000]), and a vehicle does not have to be in motion to be in "use or operation" (see Argentina v Emery World Wide Delivery Corp., 93 NY2d at 559-560). To that end, this Court has previously held that a disabled vehicle was in "use or operation" (see Trentini v Metropolitan Prop. & Cas. Ins. Co., 2 AD3d 957, 958 [2003], lv dismissed 2 NY3d 823 [2004]) and that an injury partially caused by a negligently parked, unoccupied vehicle was related to the vehicle's "use or operation" (see Bouchard v Canadian Pac., 267 AD2d 899, 902 [1999]).
Here, George Henderson was the named insured on the policy issued by plaintiff and the flatbed truck was listed as a covered automobile. The record demonstrates that Charles Henderson was injured while he, George Henderson and another person were unloading a tractor from the flatbed truck. Supreme Court correctly determined that the employment status of Charles Henderson and the other individual was not germane, as they were unloading a covered vehicle with the permission of the named insured (see Argentina v Emery World Wide Delivery Corp., 93 NY2d at 558).[FN1] Plaintiff's attempt to limit its "use" liability through policy language would violate its obligation under Vehicle and Traffic Law § 388 (4) (see Rosado v Eveready Ins. Co., 34 NY2d at 49). The facts, as pleaded in the complaint and elaborated upon during discovery, suggest "a reasonable possibility of coverage" (Continental Cas. Co. v Rapid-American Corp., 80 NY2d at 648). Specifically, George Henderson loaded and secured the tractor on the flatbed truck, drove the flatbed truck to the farm, rolled the bed back and tilted it, and operated the winch that was supposed to be holding the tractor in place. He also regularly requested or allowed Charles Henderson and the other individual to unload machinery from the flatbed truck. Charles Henderson asserted that, due to George Henderson not paying attention, the winch cable went slack, causing it to release from the tractor and allow the tractor to roll. George Henderson is potentially both directly and vicariously liable for negligence in the personal injury action (see Argentina v Emery World Wide Delivery Corp., 93 NY2d at 558; New York Cent. Mut. Fire Ins. Co. v Nationwide Mut. Ins. Co., 307 AD2d at 450), and there is prima facie "reasonable possibility of coverage" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137; see Continental Cas. Co. v Rapid-American Corp., 80 NY2d at 648). Thus, plaintiff is obliged to defend George Henderson and the farm in the underlying action. Whether plaintiff must indemnify them depends on whether George Henderson is found liable for negligence — either by his own actions or by the actions of those who were operating the vehicle with his permission — in the personal injury action (see Nationwide Mut. Ins. Co. v Dennis, 14 AD2d 188, 188-189 [1961], lv denied 10 NY2d 708 [1961]).
Based on our conclusion that plaintiff is obliged to defend under the policy because the incident involved use of the flatbed truck as a covered automobile by a named insured, we need not address the issue of whether the tractor itself constituted a covered automobile under the terms of the policy.
Garry, P.J., Aarons and Colangelo, JJ., concur.
ORDERED that the order and judgment is affirmed, with one bill of costs.



Footnotes

Footnote 1: By failing to rely upon the policy's employee exclusions in its disclaimer letters or mention in the complaint those exclusions as grounds upon which it was disclaiming coverage, plaintiff waived its right to deny coverage on those grounds (see General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; Clayburn v Nationwide Mut. Fire Ins. Co., 58 AD3d 990, 991 [2009]). Accordingly, we will not address those exclusions.